Ryan Lee, (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff, Eric Gerlach

Kalama M. Lui-Kwan (SBN 242121)
Severson & Werson
A Professional Corporation
One Embarcadero Center
Suite 2600
San Francisco, CA 94111
Attorneys for Defendant CardWorks Servicing, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GERLACH, | **Case No.: 5:09-cv-03292-JF** |
| Plaintiff, | |
| vs. | **JOINT CASE MANAGEMENT STATEMENT** |
| CARD WORKS SERVICING | |
| Defendant. | |

COME NOW plaintiff Eric Gerlach ("Plaintiff") and defendant CardWorks Servicing, LLC ("Defendant") through the undersigned counsel and hereby make this Joint Case Management Statement as pursuant to Civil Local Rule 16-9 and the Order Setting Initial Case Management Conference and ADR Deadlines as issued in this matter on July 17, 2009.

1).    **Jurisdiction and Service**

a)    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

b)    Defendant does not contest jurisdiction or service.

- 1 -

2).   **Facts of Case**

Plaintiff alleges that Defendant has been making constant and continuous contact with Plaintiff in an attempt to collect upon a debt, that Defendant failed to properly identify itself to Plaintiff, and that Defendant failed to provide Plaintiff with a debt validation letter.

3).   **Legal Issues**

Whether or not Defendant's alleged actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. § 1788 *et seq.*

4).   **Motions**

(a)   There are no pending motions.

(b)   Plaintiff anticipates filing a motion to appear telephonically at the Case Management Conference.

5).   **Amendment of Pleadings**

Plaintiff has not amended his pleading and at this time does not anticipate such. However, the parties reserve the right to do such if needed and in accordance with the FRCP and Local Rules.

6).   **Evidence Preservation**

The parties agree to preserve relevant evidence within its possession, either physically or electronically stored.  The parties agree to cease any and all deletion or     destruction policies they may have that would lead to the destruction of relevant evidence in this matter.

7).   **Disclosures**

Parties agree to serve initial disclosures upon each other within fourteen (14) days of the case management conference.

- 2 -

JOINT CASE MANAGEMENT STATEMENT

8). **Discovery**

    a.   Neither party has propounded discovery to date.

    b.   The parties agree that the uses and limits of discovery devices be governed by the Federal Rules of Civil Procedure.

    c.   All Discovery Cut-Off: June 1, 2010.

9). **Class Actions**

    The present matter is not a class action.

10). **Related Cases**

    The present matter is not related to any other cases.

11). **Relief;**

    a.   Plaintiff seeks declaratory relief that Defendant's actions violated the FDPA, 15 USC 1692 *et seq* and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. 1788 *et seq*.

    b.   Plaintiff seeks statutory damages of $1,000 pursuant to 15 U.S.C § 1692k(2)(A).

    c.   Plaintiff seeks statutory damages of $1,000 pursuant to Cal. Civ. § 1788.30(b).

    d.   Plaintiff seeks actual damages for emotional distress suffered as a result of Defendant's alleged conduct.  Value of said damages to be determined by Judge or Jury.

    e.   Plaintiff seeks any other relief that this court deems to be just and proper.

    f.   Plaintiff seeks reasonable attorneys fees as pursuant to 15 USC 1692k(3) and Cal. Civ. 1788.30(c).

    g.   Defendant requests that Plaintiff takes nothing by his Complaint.

    h.   Defendant seeks a judgment in its favor.

    i.   Defendant seeks all costs of suit, including reasonable attorneys' fees.

- 3 -

j.   Defendant seeks such further relief as the Court deems just and proper

12).   **Settlement and ADR**

a.   Parties have agreed to make good faith efforts to settle the present matter and will continue to do so.  The parties have already engaged in informal settlement negotiations.

b.   No ADR efforts have been made to date.

c.   Parties agree to file and serve their ADR Certifications on or before the case management conference.

d.   Parties will file a Stipulation and (Proposed) Order Selecting ADR Process or Notice of Need for ADR Phone Conference before the case management conference.

e.   Plaintiff believes that written and oral discovery pertaining to Defendant's defenses is key before Plaintiff can negotiate a resolution to the present matter.

f.   Defendant does not believe that discovery is necessary to negotiate a resolution to the present matter.

13).   **Consent to Magistrate Judge**

The parties do not agree to consent to a magistrate for all purposes in the present matter.

14).   **Other References**

The parties do not believe the present matter is suited for binding arbitration, a special master or any other reference.

15).   **Narrowing of Issues**

Parties do not stipulate to any factual contentions at this point.

16).   **Expedited Schedule**

Parties do not believe that an expedited process or streamlined proceedings are

- 4 -

necessary in the present matter.

17). **Scheduling**

(a)    Designation of Experts: no later than May 1, 2009.

(b)    Discovery Cut-Off: June 1, 2010.

(c)    Filing Dispositive Motion Cut-Off: August 1, 2010.

(d)    Pre-trial conference: 30 days following the Court's ruling on any dispositive motions.

18). **Trial**

a.   Plaintiff requests a trial by jury.

b.   Defendant requests that the case be tried to the Court.

c.   The parties expect that trial would last two (2) to three (3) days.

19). **Disclosure of Non-Party Interested Entities or Persons**

Defendant filed a Certificate of Interested Entities or Persons on September 21, 2009, stating that Defendant is a limited liability company that is privately held, and has no parent companies or subsidiaries that are publicly held. Plaintiff will file their disclosures and state that only the named parties have a direct financial or other interested in the present matter.

Respectfully Submitted,

DATED: January 4, 2010               KROHN & MOSS, LTD.

By: _/s/ Ryan Lee_____
            Ryan Lee
            Attorney for Plaintiff

DATED:  January 4, 2010               SEVERSON & WERSON
                                      A Professional Corporation

By:      /s/ Kalama M. Lui-Kwan
            Kalama M. Lui-Kwan
Attorneys for Defendant
CardWorks Servicing, LLC
(Erroneously Sued Herein as Card Works Servicing)

- 5 -